## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

JOSHUA N. PEACOCK,

        Petitioner,

vs.                                  No. CV 19-00941 WJ/SMV

STATE OF NEW MEXICO,

        Respondent.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under Rule 4 of the Rules Governing Section 2254 Proceedings on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody filed by Petition Joshua N. Peacock (Doc. 1).  The Court will dismiss the Petition under Rule 4 and, to the extent Petitioner seeks damages, under Fed. R. Civ. P. 12(b)(6) for failure to state a 42 U.S.C. § 1983 claim for relief.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

Peacock's § 2254 Petition challenges his New Mexico criminal conviction and sentence in State of New Mexico cause no. D-506-CR-2015-00479.  (Doc. 1 at 1).  In case no. D-506-CR-2015-00479, Peacock was convicted by a jury on one count of receiving or transfer of a stolen motor vehicle and one count of possession of drug paraphernalia.  He was sentenced to 9 ½ years of incarceration on March 9, 2019.  (Doc. 1 at 1).  He appealed to the New Mexico Court of Appeals, which affirmed the conviction and sentence.  (Doc. 1 at 2).

Peacock's § 2254 Petition raises three grounds for relief.  First, he alleges:

> "Ground One:  Ineffective Counsel.  After this first was a mistrial it
> was apparently refiled and I was given a new attorney who showed
> up on a Sunday afternoon to say I had another trial on Thursday
> in which he should have asked for a continuance because I never

spoke to him about this before this."

(Doc. 1 at 5).  He further claims "Ground Two:  Malicious Prosecution (self explanatory/easily proved)."  (Doc. 1 at 7).  Last, he argues "Ground Three:  Over Unjust <u>Unlawful</u> Sentence.  I was in fact over sentenced."  (Doc. 1 at 8).  His prayer for relief asks for "[i]mmediate release with compensation giving the State a chance to retry the case if deemed correct by Federal Courts."  (Doc. 1 at 15).

## II.  <u>ANALYSIS OF PETITIONER PEACOCK'S CAIMS</u>

### A.  <u>HABEAS CORPUS CLAIMS UNDER § 2254</u>

Peacock is proceeding in this Court under 28 U.S.C. § 2254.  (Doc. 1 at 1).  A prisoner in state custody may seek federal habeas corpus relief under 28 U.S.C. § 2254.   Section 2254 provides:

> "[A] district court shall entertain an application for a writ of
> habeas corpus in behalf of a person in custody pursuant to
> the judgment of a State court only on the ground that he is in
> custody in violation of the Constitution or laws or treaties of
> the United States."

28 U.S.C. § 2254(a).  Peacock raises three grounds for § 2254 relief: (1) ineffective assistance of counsel; (2) malicious prosecution; and (3) over sentencing. (Doc. 1 at 5, 7, 8).  Peacock's Petition, however, does not state any claim for relief under § 2254.

**1. Ineffective Assistance of Counsel:**  Petitioner Peacock's first ground for § 2254 relief is alleged ineffective assistance by his defense counsel.  (Doc. 1 at 5). In order to establish a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).   To establish deficient performance, the challenger must show that counsel's representation fell below an objective standard of

reasonableness. *Id.* at 688. To establish prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter,* 562 U.S. 86, 112 (2011).

Peacock claims that his counsel was ineffective in failing to request a continuance when trial was set after the first mistrial. (Doc. 1 at 5). However, Peacock has not made any allegations that would satisfy the prejudice prong requiring him to demonstrate a reasonable probability that the result of his trial or his appeal would have been different had trial counsel requested a continuance. The Petition does not state a § 2254 claim of ineffective assistance of counsel.

Generally, whether or not to continue a trial is a discretionary matter. *Ungar v. Sarafite*, 376 U.S. 575, 591 (1964) (finding no violation of due process in trial judge's denial of a continuance based on, inter alia, a snowstorm). Whether other counsel ought to request continuance may be arguable, but the fact that something is arguable does not make it unconstitutional. *Id.* Given the deference necessarily due a state trial judge in regard to the denial or granting of continuances, the decision whether to request a continuance does not necessarily deprive a defendant of due process of law. *Id.* Absent proof of a violation of a specific constitutional protection, a§ 2254 petitioner must show that a trial error was so egregious as to deprive him of a fundamentally fair adjudication, thus violating constitutional principles of due process. *Powell v. Collins*, 332 F.3d 376, 396 (6th Cir. 2003). A petitioner must establish that the failure to request a continuance of the trial resulted in actual prejudice to his defense. *Id.; Strickland v. Washington,* 466 U.S. at 694.

In this case, Peacock fails to allege or explain how his defense was prejudiced when counsel did not seek a continuance of the second trial. Peacock fails to cite any specific facts or authority

for the proposition that the failure to continue his trial was so prejudicial that it constitutes a constitutional deprivation. *Harrington v. Richter,* 562 U.S. at 112. Peacock's Petition does not state a § 2254 claim or relief based on ineffective assistance of counsel. *Strickland v. Washington,* 466 U.S. at 687.

**2. Malicious Prosecution:**  A his second ground for relief, Petitioner Peacock raises malicious prosecution, which he claims is "self explanatory/easily proved."  (Doc. 1 at 7). Peacock's Petition does not allege any facts in support of his malicious prosecution claim. Malicious prosecution is generally a common law tort cause of action. One of the primary elements of the malicious prosecution claim is favorable termination of the underlying criminal proceedings. *Heck v. Humphry,* 512 U.S. 477, 484 (1994).  Absent any allegation that his state criminal case has been terminated in his favor, Peacock's allegation of malicious prosecution does not state any claim for § 2254 or other relief. *Heck*, 512 U.S. at 486-87.

**3. Over sentencing:**  Last, Petitioner Peacock claims that he was over sentenced.  (Doc. 1 at 8).  The question of whether a state prisoner was over sentenced by the state court is a question of state law.  Federal habeas relief does not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). In reviewing a federal habeas petition, the Court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *McGuire*, 502 U.S. at 68; *see also Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) In interpreting the Supreme Court jurisprudence, the Tenth Circuit has accorded "wide discretion" to state trial courts in sentencing matters, finding generally such challenges are not cognizable on habeas review unless a sentence is imposed "outside the statutory limits" or otherwise "unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000); *see also United States v. Gillespie*, 452 F.3d 1183, 1190 (10th Cir. 2006).

Peacock does not elaborate on his contention that he was over sentenced. Instead, he simply claims that he was "in fact" over sentenced. (Doc. 1 at 8). His Petition does not argue or allege that his sentence was outside any statutory limit or was otherwise unauthorized by law. His Petition fails to state any constitutional claim for relief under § 2254 based on over sentencing. *Dennis v. Poppel*, 222 F.3d at 1258. *Gray v. Netherland,* 518 U.S. 152, 162–63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.").

## B. SECTION 1983 DAMAGES CAIM

Peacock's Petition is on the federal § 2254 form and he does not mention 42 U.S.C. § 1983. However, his prayer for relief does request damages. (Doc. 1 at 15). Section 1983 is the exclusive vehicle to recover damages for violation of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that

is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

Peacock's Petition does not name a single individual official as a defendant. *Fogarty v. Gallegos,* 523 F.3d at 1162. Nor does he allege any individual actions by any official. *Id.* He does not specify how an act by any official resulted in deprivation of a right secured by the United States Constitution. *West v. Atkins*, 487 U.S. at 48. Peacock's Petition completely fails to make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. The Petition wholly fails to state any § 1983 claim for relief. *Ashcroft v. Iqbal,* 556 U.S. at 676.

Peacock names, as Respondent, the State of New Mexico. However, the State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the

State under § 1983. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished).  Any damages claims against the State of New Mexico fail to state any claim for § 1983 relief will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64.

Moreover, even if Peacock had named an individual official or alleged a cause of action under § 1983, any claims he might assert would be barred by *Heck v. Humphry,* 512 U.S. 477, 484 (1994).  In *Heck* the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine*. Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005).  *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Peacock's state criminal proceedings have clearly not been overturned, set aside, or otherwise terminated in his favor.  Any request for damages or other relief Peacock might make under § 1983 would be barred by *Heck v. Humphry*.

### III.  PENDING MOTIONS

Pending before the Court are Petitioner Peacock's 5-801 NMRA Motion for Immediate Release (Doc. 8), Motion for Court Appointed United States Attorney (Doc. 11), and Motion to Add Attached Documents to Appeals as Part of Evidence (Doc. 12).  The Court will deny the Motion for Immediate Release and Motion for Court Appointed United States Attorney. The Court will grant in part and deny in part the Motion to Add Attached Documents.

#### A.  5-801 NMRA Motion for Immediate Release (Doc. 8):

Petitioner's Motion for Immediate Release seeks release from New Mexico custody "due to public health emergency on top of illegal sentence and numerous other issues."  (Doc. 8 at 1). First, Peacock's Motion seeks relief based on a Rule 5-801.  Rule 5-801 is a New Mexico state court rule.  This Court cannot grant any relief based on a New Mexico state court rule. *Estelle v. McGuire*, 502 U.S. at 67.  Further, Petitioner's vague allegations do not explain why a public health emergency entitles him to relief or what the "numerous other matters" might be.  Last, Petitioner's argument that he should be released due to an illegal sentence is moot in light of the dismissal of this case.  Therefore, the Court will deny the 5-801 Motion for Immediate Release.

#### B.  Motion for Court Appointed United States Attorney (Doc. 11):

Peacock seeks to have the Court appoint a United States Attorney to represent him in this case.  However, Peacock is a state prisoner and is not eligible for representation by any federal counsel.  Further, there is no right to appointment of counsel in a habeas corpus case under 28 U.S.C. § 2254.  Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *See, e.g., Coleman v. Thompson,* 501 U.S. 722 (1991); *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the

nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir.2004).

The Court has reviewed the Petition and subsequent filings in light of the foregoing factors. Petitioner appears to understand the issues in the case and to be representing himself in a capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the Motion for appointment of counsel.

**C.  Motion to Add Attached Documents to Appeals as Part of Evidence (Doc. 12):**

Petitioner Peacock's Motion to Add Attached Documents (Doc. 12) seeks to have some documents from his state criminal proceeding added to the record and considered as evidence in this case.  To the extent the Motion asks to include the attached documents in the Court record, the Court will grant the Motion.  However, Petitioner's request that the Court consider the attachments as evidence is denied as moot in light of dismissal of this case.

**IV.  LEAVE TO AMEND**

In deciding whether to dismiss the case, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend.  Pro se parties should be given a reasonable opportunity to remedy defects in their pleadings.  *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile.  *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal. *Bradley v. Val-Mejias,* 379 F.3d at 901.

The Court will grant Petitioner Peacock leave to file an amended petition within 30 days after entry of this Memorandum Opinion and Order. If Petitioner wishes to assert habeas corpus claims, Petitioner may only amend to assert § 2254 claims consistent with this Memorandum

9

Opinion and Order.  He may not assert any damage claims or claims for malicious prosecution.  If Plaintiff wishes to pursue damages claims, he may do so by commencing a new case through a complaint in proper form under § 1983. If Plaintiff does not file an amended habeas corpus petition in this case within the 30-day time period or files an amended petition inconsistent with this Memorandum Opinion and Order, the Court may dismiss the case with prejudice and without further notice.

**IT IS ORDERED**

**(1)**  Petitioner Joshua Peacock's 5-801 NMRA Motion for Immediate Release (Doc. 8) is **DENIED;**

**(2)**  Petitioner's Motion for Court Appointed United States Attorney (Doc. 11) is **DENIED;**

**(3)**  Petitioner's Motion to Add Attached Documents to Appeals as Part of Evidence (Doc. 12) is **GRANTED in part and DENIED in part;**

**(4)**  the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody filed by Petition Joshua N. Peacock (Doc. 1) is **DISMISSED** under Rule 4 of the Rules Governing Section 2254 Procedures for failure to state a § 2254 claim for relief and under Fed. R. Civ. P. 12(b)(6) for failure to state a § 1983 claim for relief; and

**(5)**  Petitioner Joshua N. Peacock is granted leave to file an amended § 2254 petition within 30 days of entry of this Memorandum Opinion and Order.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE