IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA N. PEACOCK,

      Petitioner,

vs.                                                     No. CV 19-00941 WJ/SMV

STATE OF NEW MEXICO,

      Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the Amended § 2254 Petition filed by Petitioner Joshua N. Peacock (Doc. 14) ("Amended Petition"). The Court will dismiss the Amended Petition for failure to state a 28 U.S.C. § 2254 claim for relief and failure to comply with a Court order.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner Peacock challenges his New Mexico criminal conviction and sentence in State of New Mexico cause no. D-506-CR-2015-00479. (Doc. 1 at 1). In case no. D-506-CR-2015-00479, Peacock was convicted by a jury on one count of receiving or transfer of a stolen motor vehicle and one count of possession of drug paraphernalia. He was sentenced to 9 ½ years of incarceration on March 9, 2019. (Doc. 1 at 1). He appealed to the New Mexico Court of Appeals, which affirmed the conviction and sentence. (Doc. 1 at 2).

Peacock's original § 2254 Petition raised three grounds for relief. First, he alleged that his counsel was ineffective in failing to request a continuance of the trial setting. (Doc. 1 at 5). He further claimed "Ground Two: Malicious Prosecution (self explanatory/easily proved)." (Doc. 1 at 7). Last, he argued "Ground Three: Over Unjust <u>Unlawful</u> Sentence. I was in fact over

1

sentenced." (Doc. 1 at 8). His prayer for relief asked for "[i]mmediate release with compensation giving the State a chance to retry the case if deemed correct by Federal Courts." (Doc. 1 at 15).

On August 13, 2021, the Court entered a Memorandum Opinion and Order dismissing Peacock's original Petition on several grounds. (Doc. 13). First, the Court concluded that Petitioner failed to establish a claim of ineffective assistance of counsel based on the failure to request a continuance prior to Peacock's second criminal trial. (Doc. 13 at 2-4). Peacock failed to cite any specific facts to support the proposition that the failure to continue his trial was so prejudicial that it constituted a constitutional deprivation. *Harrington v. Richter,* 562 U.S. 86, 112 (2011); *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Second, the Court concluded that Peacock's Petition did not allege any facts in support of his malicious prosecution claim. *Heck v. Humphry,* 512 U.S. 477, 484 (1994). Absent any allegation that his state criminal case has been terminated in his favor, Peacock's allegation of malicious prosecution does not state any claim for § 2254 or other relief. *Heck*, 512 U.S. at 486-87. (Doc. 13 at 4). Third, the Court determined that the Petition did not argue or allege that Peacock's sentence was outside any statutory limit or was otherwise unauthorized by law. His Petition failed to state any constitutional claim for relief under § 2254 based on over sentencing. *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000); *Gray v. Netherland,* 518 U.S. 152, 162–63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief."). (Doc. 13 at 4-5).

Last, the Court ruled that Peacock's Petition did not state any § 1983 claim for damages. Peacock's Petition did not name a single individual official as a defendant. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). Nor did he allege any individual actions by any official. *Id.*

2

He did not specify how an act by any official resulted in deprivation of a right secured by the United States Constitution. *West v. Atkins*, 487 U.S. 42, 48 (1988). Peacock's Petition completely failed to make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her. *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008). The Petition wholly failed to state any § 1983 claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). (Doc. 13 at 5-7). Moreover, even if Peacock had alleged a cause of action under § 1983, any claims he might assert would be barred by *Heck v. Humphry,* 512 U.S. 477, 484 (1994). Peacock's state criminal proceedings have clearly not been overturned, set aside, or otherwise terminated in his favor. Any request for damages or other relief Peacock might make under § 1983 would be barred by *Heck v. Humphry*. (Doc. 13 at 7).

Although the Court dismissed all claims in the Petition, consistent with *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991), the Court granted Petitioner Peacock an opportunity to amend. (Doc. 13 at 9-10). The Court also notified Peacock that if he wished to assert habeas corpus claims, Petitioner could only amend to assert § 2254 claims consistent with the Memorandum Opinion and Order. He could not assert any damage claims or claims for malicious prosecution. If Plaintiff wished to pursue damages claims, he may do so by commencing a new case through a complaint in proper form under § 1983. If Plaintiff did not file an amended habeas corpus petition in this case within the 30-day time period or filed an amended petition inconsistent with the Memorandum Opinion and Order, the Court could dismiss the case with prejudice and without further notice. (Doc. 13 at 10).

Petitioner filed his Amended § 2254 Petition on August 26, 2021. (Doc. 14). The allegations of the Amended Petition are no clearer than the original Petition. Peacock appears to abandon most of his claims, including any civil rights claims, but continues to assert vague

arguments regarding lack of a continuance and ineffective assistance of counsel.  (Doc. 14 at 1-4).  In the Amended Petition, Peacock states:

> "1.  In regards to 19-CV-0941 WJ/SMV
>  2.  Evidences being withheld and disregarded all together.  Magistrate Courts proceedings and hearings information.  Correspondence and informations relayed to public defenders departments.
>  3. following case laws as this court is requiring and or suggesting to submit are as follows: clearly stated & self explanatory.
>  4. all Factual & Corraborating."

(Doc. 14 at 1).  He cites to a number of cases addressing due process, continuances, and ineffective assistance of counsel but provides no factual explanation as to how the cited cases apply to his claims.  (Doc. 14 at 1-4).  To the contrary, many of the cases discuss ineffective assistance of counsel in the context of plea agreements (Doc. 14 at 3-4), and, because Plaintiff was convicted by a jury, those cases have no application to Plaintiff's claims.  *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985).  Last, he concludes by stating "[a]t no point did I walk away or attempt to flee anywhere.  I did as advised by HPD the entire time.  Naomi Olivas was not even on scene to testify to anything like this.  (Doc. 14 at 4).

Petitioner Peacock's Amended Petition remains factually insufficient to state any claim for § 2254 relief.  *Harrington v. Richter,* 562 U.S. at 112; *Strickland v. Washington,* 466 U.S. at 687.  With respect to the failure to grant a continuance, Peacock again fails to make any showing of prejudice.  Instead, he incorrectly claims that a showing of prejudice is unnecessary:

> "Deprived Defendant effective counsel assistance of counsel at court as thoroughly as if it had absent, thereby violating the 6th Amendment Rights without any showing of prejudice!! But believed to be prejudicial. Whatever either and or means."

(Doc. 14 at 2-3).  He appears to contend that his counsel needed additional time to prepare (Doc. 14 at 3) but does not articulate what additional preparation was necessary or how additional preparation likely would have resulted in a different verdict. *Harrington v. Richter,* 562 U.S. at

4

112. Petitioner's allegations still fail to factually allege ineffective assistance of counsel. *Harrington v. Richter,* 562 U.S. at 112. Petitioner also continues to discuss ineffective assistance of counsel in entering into plea agreements. (Doc. 14 at 3-4). However, again, Petitioner did not enter into a plea agreement but, instead, was convicted by a jury. (Doc. 1 at 1).

Petitioner Peacock was notified of the deficiencies in his original filing and was given the opportunity to amend his Petition to remedy those deficiencies. *Hall v. Bellmon,* 935 F.2d at 1109. His Amended Petition fails to do so. Based on the absence of sufficient factual allegations to support a claim of ineffective assistance of counsel or any other § 2254 claim the Court will dismiss the Amended Petition and enter final Judgment. Under Rule 11 of the Rules Governing Section 2254 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court determines that Petitioner Peacock has not made a substantial showing of denial of a constitutional right and will deny a certificate of appealability.

**IT IS ORDERED** that the Amended § 2254 Petition filed by Petitioner Joshua N. Peacock (Doc. 14) is **DISMISSED** for failure to state a § 2254 claim for relief and failure to comply with the Court's August 13, 2021 Order, a certificate of appealability is **DENIED,** and final Judgment will be entered.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

5